# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kenneth Sperber

## DEFENDANTS
Waste Management of Delaware, Inc., et al.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Sussex County, DE
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Simon & Simon, PC
1818 Market St., Suite 2000 Philadelphia, PA 19103
MarcSimon@Simonpc.com, (215) 467-4666

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1391(a) (1) and (2)
Brief description of cause:
Motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 10/27/2020
SIGNATURE OF ATTORNEY OF RECORD: *Marc Simon*

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b)  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c)  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.)**

III.  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.  **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

V.  **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

VI.  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

## UNITED STATES DISTRICT COURT FOR THE
## FEDERAL DISTRICT OF NEW JERSEY

| | |
|---|---|
| Kenneth Sperber : | |
| 8219 Narvon St. : | |
| Philadelphia, PA 19136 : | |
|                 Plaintiff : | |
| v. : | No._____ |
| : | |
| Waste Management of Delaware, Inc. : | |
| 226 S Railroad Ave. : | |
| Georgetown, DE 19947 : | |
|                      And : | |
| Waste Management of NY, LLC a/k/a : | |
| WMNY, LLC Waste Management Inc. : | JURY TRIAL DEMANDED |
| 1001 Fannin St. : | |
| Houston, TX 77002 : | |
|                      And : | |
| Waste Management, Inc. : | |
| 1001 Fannin St. : | |
| Houston, TX 77002 : | |
|                 Defendants : | |

## COMPLAINT

## PARTIES

1. Plaintiff, Kenneth Sperber, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, Waste Management of Delaware, Inc., is a business entity of the State of Delaware, with a business address listed in the caption of this Complaint.

3. Upon information and belief, Defendant, Waste Management of NY, LLC a/k/a WMNY, LLC Waste Management, Inc., is a business entity of the State of Texas, with a business address listed in the caption of this Complaint.

4. Upon information and belief, Defendant, Waste Management, Inc., is a business entity of the State of Texas, with a business address listed in the caption of this Complaint.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties and subject matter of this Civil Action.

6. The amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

7. 28 U.S.C. §1332(a)(1) states that "the district courts shall have original jurisdiction of all civil action where the matter in controversy exceeds the sum or value or $75,000, exclusive of interest and costs, and is between . . . citizens of different states."

8. This court thus has original jurisdiction over this matter pursuant to the aforementioned Section 1332(a)(1).

9. 28 U.S.C. § 1391(a) (1) and (2) states, "(1) this section shall govern the venue of all civil actions brought in district courts of the United States; and (2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature."

10. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2).

11. 28 U.S.C. § 1391(b) (2) states, "A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

12. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b) (2) in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred; i.e., the accident at issue occurred in Burlington County, New Jersey, which is in this federal judicial district.

13. On or about January 7, 2020, at approximately 5:30 p.m., Plaintiff, was the operator of a motor vehicle which was traveling at or near the intersection of Route 130 & Tenby Chase Dr., in Delran, NJ.

14. At or about the same date and time, Tortfeasor, Kahari Trawick, was the operator of a motor vehicle, owned by Defendants, Waste Management of Delaware, Inc., Waste Management of NY, LLC a/k/a WMNY, LLC Waste Management, Inc. and Waste Management, Inc., which was traveling at or near the aforesaid location and/or the location of Plaintiff's vehicle.

15. At or about the same date and time, Defendant's vehicle was involved in a motor vehicle collision with the Plaintiff's vehicle.

16. The aforesaid motor vehicle collision was caused by the Defendant negligently and/or carelessly, operating his/her vehicle in such a manner so as to rear-end Plaintiff's vehicle.

17. The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of Defendant and not the result of any action or failure to act by Plaintiff.

18. As a result of the accident, Plaintiff suffered serious, severe and permanent bodily injuries, including to the head, neck and back, as set forth more fully below.

## COUNT I
### Kenneth Sperber v. Waste Management of Delaware, Inc.
### Negligent Entrustment

19. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

20. The negligence and/or carelessness of Defendant, Waste Management of Delaware, Inc., which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

      a. Permitting the tortfeasor to operate the motor vehicle without first ascertaining whether or not he/she was capable of properly operating said vehicle;

      b. Permitting the tortfeasor to operate the motor vehicle when Defendant, Waste Management of Delaware, Inc., knew, or in the exercise of due care and diligence, should have known that the tortfeasor, was capable of committing the acts of negligence set forth above;

      c. Failing to warn those persons, including the Plaintiff, that Defendant, Waste Management of Delaware, Inc., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to the tortfeasor's negligent operation of the motor vehicle

21. As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries including to the head, neck and back, all to Plaintiff's great loss and detriment.

22. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

23. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

24. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which

Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

25.     As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

26.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by law, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Kenneth Sperber, prays for judgment in Plaintiff's favor and against Defendant, Waste Management of Delaware, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT II
### Kenneth Sperber v. Waste Management of Delaware, Inc.
### Respondeat Superior

27.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

28.     The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the Plaintiff consist of, but is not limited to:

        a. Rear-ending Plaintiff's vehicle;

        b. Operating his vehicle into Plaintiff's lane of travel;

        c. Failing to maintain proper distance between vehicles;

d. Operating said vehicle in a negligent manner so as to rear-ending Plaintiff's vehicle;

e. Failing to have said vehicle under proper and adequate control;

f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Violation of the assured clear distance rule;

h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff and/or Plaintiff's vehicle;

j. Being inattentive to his duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a dangerously high rate of speed for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p. Failing to exercise ordinary care to avoid a rear-ending collision;

q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r. Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

    s. Continuing to operate the vehicle in a direction towards the Plaintiff's and/or co-defendants' vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    t. Driving too fast for conditions;

    u. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the State of New Jersey, pertaining to the operation and control of motor vehicles

29. As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries including to the head, neck and back, all to Plaintiff's great loss and detriment.

30. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

31. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

32. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to her personal property, including her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

33. As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

34. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by law for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Kenneth Sperber, demands judgment in Plaintiff's favor and against Defendant, Waste Management of Delaware, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

**COUNT III**
**Kenneth Sperber v. Waste Management of NY, LLC a/k/a WMNY, LLC Waste Management, Inc.**
**Negligent Entrustment**

35. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

36. The negligence and/or carelessness of Defendant, Waste Management of NY, LLC a/k/a WMNY, LLC Waste Management, Inc., which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

   a. Permitting the tortfeasor to operate the motor vehicle without first ascertaining whether or not he/she was capable of properly operating said vehicle;

   b. Permitting the tortfeasor to operate the motor vehicle when Defendant, Waste Management of NY, LLC a/k/a WMNY, LLC Waste Management, Inc.,

     knew, or in the exercise of due care and diligence, should have known that the tortfeasor, was capable of committing the acts of negligence set forth above;

  c. Failing to warn those persons, including the Plaintiff, that Defendant, Waste Management of NY, LLC a/k/a WMNY, LLC Waste Management, Inc., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to the tortfeasor's negligent operation of the motor vehicle

37. As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries including to the head, neck and back, all to Plaintiff's great loss and detriment.

38. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

39. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

40. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

41. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

42. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by law, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Kenneth Sperber, prays for judgment in Plaintiff's favor and against Defendant, Waste Management of NY, LLC a/k/a WMNY, LLC Waste Management, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT IV
### Kenneth Sperber v. Waste Management of NY, LLC a/k/a WMNY, LLC Waste Management, Inc.
### Respondeat Superior

43. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

44. The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the Plaintiff consist of, but is not limited to:

    a. Rear-ending Plaintiff's vehicle;

    b. Operating his vehicle into Plaintiff's lane of travel;

    c. Failing to maintain proper distance between vehicles;

d. Operating said vehicle in a negligent manner so as to rear-ending Plaintiff's vehicle;

e. Failing to have said vehicle under proper and adequate control;

f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Violation of the assured clear distance rule;

h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff and/or Plaintiff's vehicle;

j. Being inattentive to his duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a dangerously high rate of speed for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p. Failing to exercise ordinary care to avoid a rear-ending collision;

q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r. Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

    s.  Continuing to operate the vehicle in a direction towards the Plaintiff's and/or co-defendants' vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    t.  Driving too fast for conditions;

    u.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the State of New Jersey, pertaining to the operation and control of motor vehicles

45. As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries including to the head, neck and back, all to Plaintiff's great loss and detriment.

46. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

47. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

48. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to her personal property, including her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

49. As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

50. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by law for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Kenneth Sperber, demands judgment in Plaintiff's favor and against Defendant, Waste Management of NY, LLC a/k/a WMNY, LLC Waste Management, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT V
### Kenneth Sperber v. Waste Management of NY, LLC a/k/a WMNY, LLC Waste Management, Inc.
### Negligent Entrustment

51. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

52. The negligence and/or carelessness of Defendant, Management, Inc., which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

   a. Permitting the tortfeasor to operate the motor vehicle without first ascertaining whether or not he/she was capable of properly operating said vehicle;

   b. Permitting the tortfeasor to operate the motor vehicle when Defendant, Waste Management, Inc., knew, or in the exercise of due care and diligence, should

     have known that the tortfeasor, was capable of committing the acts of negligence set forth above;

  c. Failing to warn those persons, including the Plaintiff, that Defendant, Waste Management, Inc., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to the tortfeasor's negligent operation of the motor vehicle

53. As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries including to the head, neck and back, all to Plaintiff's great loss and detriment.

54. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

55. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

56. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

57. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

58. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by law, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Kenneth Sperber, prays for judgment in Plaintiff's favor and against Defendant, Waste Management, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

### COUNT VI
### Kenneth Sperber v. Waste Management of NY, LLC a/k/a WMNY, LLC Waste Management, Inc.
### Respondeat Superior

59. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

60. The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the Plaintiff consist of, but is not limited to:

  a. Rear-ending Plaintiff's vehicle;

  b. Operating his vehicle into Plaintiff's lane of travel;

  c. Failing to maintain proper distance between vehicles;

  d. Operating said vehicle in a negligent manner so as to rear-ending Plaintiff's vehicle;

  e. Failing to have said vehicle under proper and adequate control;

f.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g.  Violation of the assured clear distance rule;

h.  Failure to keep a proper lookout;

i.  Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff and/or Plaintiff's vehicle;

j.  Being inattentive to his duties as an operator of a motor vehicle;

k.  Disregarding traffic lanes, patterns, and other devices;

l.  Driving at a dangerously high rate of speed for conditions;

m.  Failing to remain continually alert while operating said vehicle;

n.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o.  Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p.  Failing to exercise ordinary care to avoid a rear-ending collision;

q.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r.  Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

s.  Continuing to operate the vehicle in a direction towards the Plaintiff's and/or co-defendants' vehicle when he saw, or in the exercise of reasonable

     diligence, should have seen, that further operation in that direction would result in a collision;

  t. Driving too fast for conditions;

  u. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the State of New Jersey, pertaining to the operation and control of motor vehicles

  61. As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries including to the head, neck and back, all to Plaintiff's great loss and detriment.

  62. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

  63. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

  64. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to her personal property, including her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

  65. As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

66.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by law for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Kenneth Sperber, demands judgment in Plaintiff's favor and against Defendant, Waste Management, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: *Marc Simon*

Marc I. Simon, Esquire